[Civ. No. 4113. First Appellate District, Division Two.—January 20, 1922.]

BANCA POPOLARE FUGAZI (a Corporation), Respondent, v. JOHN F. KELLY et al., Defendants; JOSEPH SLYE, Appellant.

[1] APPEAL—JUDGMENT—RECORD—ABSENCE OF BILL OF EXCEPTIONS—PRESUMPTION.—An appeal from a judgment must be deemed to be one on the judgment-roll alone, where no bill of exceptions is presented.

[2] ID.—JUDGMENT FOR FORECLOSURE — MINUTE ENTRY FOR LESSER AMOUNT—EFFECT OF—RECORD—APPEAL WITHOUT MERIT.—An appeal from a judgment in an action for the foreclosure of a mortgage based on the claim that the trial court was bound by the minute entry of the judgment, which was for a lesser amount, is without merit, where no bill of exceptions is presented, since such entry is no part of the judgment-roll.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. H. M. Owens, Judge. Affirmed.

The facts are stated in the opinion of the court.

Joseph Slye, *in pro. per.*, for Appellant.

Harding & Monroe and Robert H. Borland for Respondent.

NOURSE, J.—Defendant Slye appeals from a judgment foreclosing a mortgage securing payment of a note for $25,000. The complaint asked for judgment for $25,000, with accrued interest, counsel fees, and costs. The clerk of the court after trial made an entry in his minutes reciting that judgment had been ordered in the sum of $3107.37, with counsel fees and costs. A few days thereafter findings of fact and conclusions of law were filed with a decree awarding judgment in the sum of $31,447.24, with counsel fees and costs. Appellant insists that the trial court was bound by the minute entry made by the clerk.

[1] No bill of exceptions is presented, so the appeal must be deemed to be one on the judgment-roll alone. [2] The minute entry of judgment is no part of the judgment-roll.

(Sec. 670, Code Civ. Proc.)   In examining the judgment-roll we find no error.

The appeal is without merit, as the amount noted in the entry of the clerk was manifestly a mere clerical error.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.